Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2164 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Milton Rivas vs. Jerry Sternes, Warden, Dixon Correctional Center | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Respondent's motion to dismiss [11-1] is granted and Rivas's petition for a writ of habeas corpus is dismissed. Judgment is entered in favor of the respondent, Jerry Sternes and against petitioner, Milton Rivas. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 24 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | '04 FEB 23 AM 1:41 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 2 4 2004

MILTON RIVAS,                        )
                                     )
            Petitioner,              )   No. 03 C 2164
                                     )
        v.                           )   Judge Ruben Castillo   FEB 2 4 2004
                                     )
JERRY STERNES, Warden,               )
Dixon Correctional Center,           )
                                     )
            Respondent.              )

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Respondent Jerry Sternes's motion to dismiss Petitioner Milton Rivas's petition for a writ of habeas corpus as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, Respondent's motion is granted, (R. 11-1), and Rivas's petition is dismissed with prejudice, (R. 1-1).

### RELEVANT FACTS

Rivas is currently incarcerated at the Dixon Correctional Center in Dixon, Illinois and is serving a twenty-five year sentence for delivery of a controlled substance. Petitioner's conviction and sentence were affirmed on direct appeal. Rivas filed a timely petition for leave to appeal ("PLA") in the Illinois Supreme Court, which was denied on June 2, 1999. He did not seek a writ of *certiorari* from the United States Supreme Court.

On March 23, 2000,[1] Rivas filed a post-conviction petition in the Circuit Court of Cook County. *See* 725 ILCS 5/122-1, *et seq*. The circuit court denied Rivas's petition in April 2000 as untimely under state filing deadlines. Specifically, the circuit court noted that Illinois law requires that a post-conviction petition be filed within six months from the Illinois Supreme Court's denial of a petition for leave to appeal or within three years from the date of conviction, whichever occurs sooner, unless the petitioner alleges facts establishing that the delay was not due to his culpable negligence. 725 ILCS 5/122-1(c). The circuit court concluded that because Rivas's petition for leave to appeal to the Illinois Supreme Court was denied on June 2, 1999, he had until December 2, 1999 to commence his post-conviction petition. (R. 10, Resp't's Exs., Ex. F.) Rivas's petition, filed in late March 2000, was untimely. Although in its order the circuit court primarily focused on the untimeliness issue, it also noted in the conclusion of the order that the issues raised by Rivas were frivolous and patently without merit. (*Id.*)

Rivas appealed to the Illinois Appellate Court, which affirmed the circuit court's decision in an order issued on November 19, 2001. Again, the appellate court specifically affirmed the circuit court's determination that Rivas's petition was untimely and noted that Rivas's allegations were insufficient to establish that his delay was not the result of his own culpable

---

[1] Rivas averred that he filed his post-conviction petition in January 2000, but the circuit court did not receive his petition until March 2000. Although Rivas's notarized affidavit of filing and mailing were dated January 2000, another affidavit appended to Rivas's petition was notarized in March. The Illinois courts concluded on this basis that Rivas had sent his petition in March 2000. In any event, these dates become irrelevant because even if the Illinois courts had treated his filing date as January 2000, his petition still would have been untimely because, as noted below, the filing deadline for his post-conviction petition actually expired in December 1999.

2

negligence. On March 17, 2003, Rivas filed his petition for a writ of habeas corpus in this Court. 28 U.S.C. § 2254.

## ANALYSIS

Respondent argues that Rivas's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year filing deadline for federal habeas corpus petitions. The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But under the statute, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case whether the Illinois state courts properly determined that Rivas's post-conviction petition was untimely weighs heavily on the issue of whether Rivas's § 2254 petition is time-barred in this Court. That is, if Rivas's post-conviction was untimely under the Illinois statute, it was not "properly filed" for purposes of tolling the one-year statute of limitations under § 2244(d). *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (holding that whether a petition is "properly filed" depends on state law); *see also Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000). Respondent argues, and we agree, that because Rivas's state post-conviction petition was not submitted in a timely manner in conformance with Illinois law, it cannot constitute a "properly filed" petition that confers the tolling benefit of § 2244(d)(2) on his federal habeas corpus petition. *See Brooks v. Walls*, 279 F.3d 518, 521 (7th Cir. 2002) (noting that "[a] collateral attack that is untimely under state law is not 'properly filed'"). Therefore, in this case,

3

AEDPA's one-year statute of limitations began running not in November 2001 when the appellate court affirmed the dismissal of his state post-conviction petition, but rather in August 1999, when the time to file a petition of *certiorari* in the United States Supreme Court on direct appeal expired. Rivas thus had until August 31, 2000 to file his federal habeas corpus petition, but he did not do so until March 17, 2003, almost two and a half years later.

In response Petitioner argues that: (1) he has an adequate excuse for his delay in filing his post-conviction petition because he allegedly received the denial of his PLA late; (2) the state court improperly found untimeliness in the first instance without the benefit of a responsive pleading from the State; (3) his post-conviction petition should be considered "properly filed" because the state court rested its decision on both procedural grounds (untimeliness) and the merits when it noted in its conclusion that the petition was "frivolous and patently without merit"; and (4) any procedural default should be excused by his actual innocence or otherwise equitably tolled.

We may easily dispense with Rivas's first two arguments. The Illinois appellate court held that Rivas's allegations of a lack of culpable negligence in his filing delay were insufficient. We will not disturb this state-court finding because, as noted above, whether a petition was properly filed depends on state law and in this case the state courts applied Illinois law in determining that Rivas's delay was not excusable. Turning to Petitioner's second argument, although it is true that after the Illinois Supreme Court's decision in *People v. Boclair*, 789 N.E.2d 734 (Ill. 2002), a trial court may not *sua sponte* make findings of untimeliness in the first instance on a post-conviction petition, the Illinois Supreme Court has explicitly held that its pronouncement in *Boclair* was not to be applied retroactively. *See People v. Britt-El*, 794 N.E.2d

4

204, 210 (Ill. 2002). Therefore, Rivas may not rely on the *Boclair* rule because his petition was decided prior to that ruling.

Rivas next argues that his post-conviction petition should be considered "properly filed" because the state court rested its decision on both procedural grounds and on the merits. As an initial matter, we cannot conclude that the state court's decision rested on dual grounds; it is clear from the circuit court's order that it based its decision to deny post-conviction relief on the ground that the petition was untimely and that the appellate court affirmed the circuit court's decision on that same ground. The fact that the circuit court also mentioned in its conclusion that Rivas's petition was "frivolous and patently without merit" does not transform that decision into a merits-based one. In fact, the Seventh Circuit has explicitly rejected a petitioner's challenge to a state court's denial of post-conviction relief on the ground that although the court expressly held that his petition was untimely, it also conducted a review on the merits when it "cast .. a sidelong glance at the merits in order to determine whether to excuse failure to meet the deadline." *Brooks*, 279 F.3d at 521. The petitioner in *Brooks* argued that any cursory consideration of the merits amounted to a decision on the merits, which meant that the "state judiciary considered the petition to be 'properly filed' even if the state courts say that the filing was untimely." *Id.* But the Seventh Circuit concluded, relying on the Supreme Court's decision in *Harris v. Reed*, 489 U.S. 255 (1989), as well as prior circuit precedent, that if the state's decision rests on both a procedural default and a lack of merit, then federal review is foreclosed. *Id. (citing Harris*, 489 U.S. at 264 n.10); *see also Fernandez*, 227 F.3d at 978 (holding so that if a state court accepts and entertains a petition on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed'"); *Jefferson v.*

*Wellborn*, 222 F.3d 286 (7th Cir. 2000).[2] Thus, even if we were to construe the circuit court's fleeting reference to the merits to constitute a dual ground of decision, we nevertheless would hold that federal review is foreclosed.

Finally, Petitioner asserts that his "actual innocence" should permit this court's review of his § 2254 petition. As a corollary, he hints that his § 2254 petition should be equitably tolled. But we do not believe that the circumstances of his case warrant equitable tolling. As an initial matter, equitable tolling is only available "when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (internal citations and quotations omitted); *Santiago v. Hinsley*, No. 03 C. 9029, 2003 WL 23018575, at *2 (N.D. Ill. Dec. 19, 2003). In noting the rarity of the doctrine's application, the Seventh Circuit has stated that it has "yet to identify a circumstance that justifies equitably tolling in the collateral relief context." *Modrowski*, 322 F.3d at 967. Like the petitioner in *Brooks*, Rivas knew from the circuit court's April 2000 ruling that his post-conviction petition had been deemed untimely, thus he was on notice that he should file a "precautionary federal petition" in case the appellate court agreed with the circuit court's view. *Brooks*, 279 F.3d at 524. Rivas was not misled and should have discerned that the "clock was ticking" under § 2244(d) "from the

---

[2] Relying on *Rice v. Bowen*, 264 F.3d 698 (7th Cir. 2001), Rivas urges us to apply a rule that when a state court gives two grounds for decision, one procedural and one touching on the merits, the procedural ground is disregarded and the petition is treated as "properly filed" for purposes of § 2244(d). *Rice*, 264 F.3d at 701-02 (*citing Dictado v. Ducharme*, 244 F.2d 724 (9th Cir. 2001)). But in its later *Brooks* opinion, the Seventh Circuit declined to read *Rice* as embracing the *Dictado* rule, because doing so would effectively overrule prior cases, including *Fernandez* and *Jefferson,* which apply the *Harris* rule in the § 2244(d) context. *Brooks*, 279 F.3d at 522. *Brooks* controls our inquiry here, so we decline Rivas's invitation to apply the Ninth Circuit's *Dictado* rule to his petition.

instant the state court rejected his petition as untimely." *Id.* Thus, Rivas is not entitled to equitable estoppel in this instance.

## CONCLUSION

For the foregoing reasons, we grant Respondent's motion to dismiss, (R. 11-1) and dismiss Rivas's petition for a writ of habeas corpus, (R. 1-1). The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Petitioner.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: February 23, 2004**

7